IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Michael Wendell Hairston, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14cv1067 (TSE/MSN) |
| | ) | |
| Eric D. Wilson, Warden, | ) | |
|     Respondent. | ) | |

MEMORANDUM OPINION

Michael Wendell Hairston, a federal inmate housed in Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his sentence in the United States District Court for the Western District of Virginia for possession with intent to distribute 50 grams or more of cocaine base. Petitioner has paid the statutory filing fee for this petition. For the reasons that follow, this petition must be construed as a successive motion to vacate pursuant to 28 U.S.C. § 2255 and dismissed, without prejudice to petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for an order authorizing the sentencing court to consider the petition.

I. Background

On July 20, 2006, petitioner pled guilty in the Western District of Virginia to one count of violating 21 U.S.C. § 841(a)(1), possession with intent to distribute 50 grams or more of crack cocaine base. See Case No. 4:06cr00018-JKL, Plea Agreement, at 1-2 [Dkt. 31]. Petitioner was adjudged a career offender under Sentencing Guideline 4B1.1. Id. 3. Petitioner was adjudged a career offender due to two Virginia convictions of Assault and Battery on a Police Officer ("ABPO"), in 1997 and 1999. See id. Case Summary for CR9700747, CR9900545

[Dkt. 63-1]. On December 8, 2006, petitioner was sentenced to 262 months' incarceration. See id. Judg., at 2 [Dkt. 36]. Petitioner's conviction was affirmed by the Fourth Circuit on April 1, 2008. United States v. Hairston, No. 07-7133 (4th Cir. Apr. 1, 2008). Petitioner then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Western District of Virginia on October 28, 2013. See Case No. 4:06cr00018, Motion to Vacate [Dkt. 63]. Petitioner argued that, in light of United States v. Carthorne, 726 F.3d 503 (4th Cir. 2013), decided on August 13, 2013, he was erroneously classified as a career offender, and that his sentence was therefore invalid. See id. at 5. The petition was denied as time-barred on March 24, 2014. Case No. 4:06cr000181, Mem. Op. [Dkt. 70].

Petitioner filed the instant § 2241 petition on August 21, 2014, alleging the same argument as he previously made in his time-barred § 2255 motion.

## II. Applicable Law

Because Hairston has already filed a § 2255 motion to vacate, set aside, or correct his federal sentence, this petition is petitioner's second attempt to bring a collateral attack on his conviction. Such a challenge can be properly brought in a § 2241 petition only if relief under § 2255 "is inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(e). This "inadequate and ineffective" requirement is known as the "savings clause" to limitations imposed by § 2255. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). As the Fourth Circuit has observed, "there must exist some circumstances in which resort to § 2241 would be permissible; otherwise the savings clause itself would be meaningless." Id. at 333. However, the Fourth Circuit has stated that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

2

Thus, a federal inmate may only proceed under § 2241 to challenge his conviction or sentence in "very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008) (internal citations and quotation marks omitted). The Fourth Circuit has developed a three-part test to determine whether a second or successive petition can be brought under § 2241:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34. The Jones court concluded that resorting to § 2241 is generally intended to cure "the . . . fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, has no source of redress." Id. at 333 n.3.

### III. Analysis

In analyzing whether petitioner's claim falls under the Jones criteria, it is clear that petitioner has met prong one of the test – at the time of his conviction, his conviction and sentence were legal under established Fourth Circuit law. Petitioner's challenge is based on United States v. Carthorne, 726 F.3d 503 (4th Cir. 2013), which held that a past conviction for ABPO under Virginia law is not categorically a "crime of violence" for which he could be classified as a career offender. The holding in Carthorne was based on the U.S. Supreme

3

Court's holding in <u>Descamps v. United States</u>, _ U.S. _, 133 S. Ct. 2256 (2013), which held that, when determining whether a past conviction could be considered a "crime of violence," a sentencing court must in all circumstances look only to the statutory elements of the charged offense, rather than the specific facts surrounding the offender's particular conviction. <u>Carthorne</u>, 726 F.3d at 511 (citing <u>Descamps</u>, 133 S. Ct. at 2283-85). At the time of petitioner's sentencing in 2006, however, his classification as a career offender was based on settled circuit law. His conviction and sentence were therefore legal.

It is also clear that petitioner meets the third prong of the <u>Jones</u> test – he is foreclosed from filing a successive § 2255 motion. To bring a successive § 2255 motion, a petitioner must meet the requirements of 28 U.S.C. § 2255(h). This "gatekeeping" provision provides:

> A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner cannot meet these gatekeeping standards, as his challenge does not involve either newly discovered evidence or a new rule of constitutional law. His challenge is based on the Fourth Circuit's opinion in <u>Carthorne</u>, rather than any new constitutional rule made retroactive by the United States Supreme Court. The Supreme Court also did not explicitly provide that the rule announced in <u>Descamps</u> was retroactive to cases on collateral review. Accordingly, petitioner cannot meet the provisions of § 2255(h), and therefore meets the third prong of the <u>Jones</u> analysis.

4

It is also clear, however, that petitioner cannot meet the second prong of the Jones test. The Fourth Circuit decided Carthorne, the change in law on which petitioner relies for his current petition, *before* he filed his § 2255 motion. In fact, his § 2255 motion was based solely on his Carthorne argument. In contrast, the Jones test encompasses a situation in which a petitioner was legally unable to raise a particular challenge in a § 2255 motion and, were he prevented from raising it in a § 2241 petition, would have no available avenue for relief. Because petitioner's Carthorne argument was available to him at the time of his § 2255 motion, and indeed he raised it in his § 2255 motion, he is now foreclosed from proceeding under the § 2255(e) savings clause.[1]

Petitioner argues, however, that his current sentence violates the Due Process Clause because he is actually innocent of the sentencing enhancement. In support of his argument, he

---

[1] The sentencing court denied petitioner's § 2255 motion as untimely. Petitioner explicitly argued that his motion was timely "based on a new Supreme Court decision that has been made precedent in this circuit." Case No. 4:07cr18, Motion to Vacate, at 13. The court held, however, that petitioner's one-year time period to file motion ran from the date his conviction became final, and that neither Descamps nor Carthorne triggered a later filing period. See id. Mem. Op., at 2-3. Pursuant to United States v. Whiteside, 775 F.3d 180 (4th Cir. 2014) (en banc), petition for cert. filed, No. 14-1145 (Mar. 20, 2015), this decision was clearly correct. In Whiteside, the Fourth Circuit held that its decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) did not constitute a new "fact" sufficient to the trigger the running of the one-year limitations period in § 2255(f)(4), which allows a petitioner to file a § 2255 motion within one year of "the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence." Whiteside, 775 F.3d at 183-84. The court also found that, if Simmons constituted a new fact sufficient to proceed under § 2255(f)(4), the provisions of § 2255(f)(3), allowing the filing of a motion within year of the announcement of a new rule made retroactive to cases on collateral review by the United States Supreme Court, would be rendered superfluous. Id. at 184. The court specifically noted that "the relevant limitations period under § 2255(f) is one year after the conviction is final, not one year from a decision that effectuates a change in circuit law." Id. at 187 ("If we were to adopt Whiteside's argument, whenever there is a change in circuit law of sufficient magnitude (whatever that is), a petitioner would have a year to file after the change, even if many years had passed since the conviction became final. That simply vitiates the point of statutes of limitations in

5

correctly points out that, in Persaud v. United States, _ U.S. _, 134 S. Ct. 1023 (2014), the Solicitor General joined the petitioner in that case in arguing that the petitioner there was entitled to relief under the savings clause of § 2241 for an erroneous recidivist sentence. In Persaud, petitioner's enhanced sentence was based on two pre-Simmons North Carolina convictions, which, under Simmons, could no longer be classified as felony drug offenses sufficient to impose an enhanced sentence. The Solicitor General specifically argued that a sentence exceeding the statutory maximum was cognizable under the savings clause, as such a sentence constituted a "fundamental defect." Brief for United States, at 19, Persaud, 134 S. Ct. 1023, No. 13-6435, 2013 WL 7088877 (Dec. 20, 2013). The Solicitor General argued that such a sentence implicated separation-of-powers concerns and violated due process. Id. at 20. This case is currently pending in the Western District of North Carolina. See Persaud v. United States, Case No. 3:12-cv-509-FDW.

Petitioner also relies on United States v. Reese, Case No. 8:01-cr-135-JFM-1 (D. Md. July 31, 2014), in which the government agreed with petitioner's argument that his challenge to a sentencing enhancement based on previous state felony convictions fell within the savings clause. See Dkt. 132. Reese had been adjudged a career offender based on two previous Maryland convictions for second-degree assault. In United States v. Royal, 731 F.3d 333 (4th Cir. 2013), however, the Fourth Circuit determined that these convictions no longer qualified as a "crime of violence" sufficient to enhance Reese's sentence. See, e.g., Reese, Dkt. 128, at 1-2. Reese argued that the sentencing enhancement constituted a "fundamental error in the criminal proceedings," sufficient to allow him to proceed under the savings clause. Reese relied primarily on the Eleventh Circuit's decision in Bryant v. Warden, FCC Coleman, 738 F.3d 1253

---

general . . . .").

(11th Cir. 2014), which likened an erroneous enhanced sentence to an actual innocence claim. Reese argued that such fundamental errors were cognizable under the savings clause. See Reese, Dkt. 128, at 16-17. Reese also advanced the Solicitor General's argument made in Persaud, discussed above.

Petitioner's arguments overlook the fact that, in both Persaud and Reese, the petitioners fell squarely within the Jones test. Reese was convicted in 2002, and filed his first § 2255 motion in 2006. See Case No. 8:01cr135, Dkt. 56, 68. At the time he filed this motion, he could not make his Royal argument. He filed a successive § 2255 motion in 2012, relying primarily on Simmons. See id. Dkt. 119. After the court denied this motion, Reese filed the § 2241 petition upon which petitioner relies. Id. Dkt. 128. Similarly, Persuad was convicted in 2001, filed a pro se § 2255 motion in 2005, and then a subsequent motion making his present Simmons arguments. See Case No. 3:01cr36-FDW-7, Dkt. 279; Case No. 3:12cv509, Dkt. 1. At the time of Persaud's first § 2255 motion, his Simmons challenge was unavailable to him. Accordingly, both Reese and Persaud fall within the Jones analysis. In contrast, petitioner has already filed a § 2255 motion raising an identical argument to the one raised in the instant petition. The fact that his initial § 2255 motion was untimely filed, and that he is barred from filing a successive motion, does not render § 2255 inadequate or ineffective to test the validity of his detention. Vial, 115 F.3d at 1194 n.5.

In addition, the Fourth Circuit has generally limited the application of the savings clause to situations in which a petitioner challenges the validity of his *conviction*, rather than his sentence. In Jones, for example, the Fourth Circuit allowed the petitioner to proceed under the savings clause because he was incarcerated for conduct that was no longer criminal. Jones, 226 F.3d at 334. Subsequent Fourth Circuit decisions have reiterated that the savings clause is

7

generally inappropriate to challenge a petitioner's underlying sentence. See Poole, 531 F.3d at 267 n.7 (citing Jones, 226 F.3d at 333-34) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."); see also Farrow v. Revell, 541 F. App'x 327, 328 (4th Cir. 2013) (per curiam) (affirming district court's conclusion that a challenge to an armed career criminal enhancement was not cognizable under § 2241). Specifically, when a petitioner's challenge is based on the application of a sentencing guideline, his challenge is based not on factual innocence, but on a legal technicality – the manner of determining the defendant's culpability," United States v. Powell, 691 F.3d 554, 558 (4th Cir. 2012) (emphasis in original) (quoting Schriro v. Summerlin, 542 U.S. 348, 353 (2004)). Such a challenge is not based on conduct that is no longer criminal, but is based on a change in the underlying legal procedure. See, e.g., Boynes v. Berkebile, No. 5:10-cv-939, 2012 WL 1569563, at *6 (S.D.W. Va. May 1, 2012) (internal footnote omitted) ("The Fourth Circuit's specific language in Jones contemplates an instance in which a prisoner is imprisoned for an offense that is no longer a crime."). Importantly, the conduct for which petitioner was convicted – here, assaulting a police officer – is still criminal. The fact that it is no longer classified as a crime of violence justifying a sentencing enhancement does not render him actually innocent of that conduct.[2]

Accordingly, under currently existing Fourth Circuit controlling law, petitioner's claim falls outside the § 2255(e) savings clause, and he may not proceed under § 2241. Instead, the

---

[2] Recent developments have called this bright-line rule into question. Persaud has been stayed in the Western District of North Carolina pending the Fourth Circuit's ruling in United States v. Surratt, No. 14-6851. Surratt explicitly presents the question whether a challenge to a sentence, rather than a conviction, can be cognizable in a § 2241 petition. The Fourth Circuit heard oral argument in Surratt on January 27, 2015.

instant petition must be construed as a successive motion for relief under § 2255, which cannot be brought unless certified as provided in 28 U.S.C. § 2244(b)(3) by a panel of the Fourth Circuit Court of Appeals. Because no such certification has been sought or granted, this petition must be dismissed without prejudice to petitioner's ability to seek such certification from the Fourth Circuit. Petitioner is advised that if such certification is granted, venue for his claim would lie in the sentencing court, the United States District Court for the Western District of Virginia.[3]

## IV. Conclusion

For the above-state reasons, this petition must be dismissed, without prejudice to petitioner' ability to move a panel of the United States Court of Appeals for the Fourth Circuit authorizing the sentencing court to consider the petition. An appropriate judgment and Order will issue.

This decision cannot be appealed without a certificate of appealability issued by this Court or the Fourth Circuit. See 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). For this Court to issue such a certificate, petitioner must make "a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a court denies a petition on procedural grounds, a petitioner meets this requirement when he shows "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added). This case presents and decides only the narrow question of whether this petitioner,

---

[3] While an application for § 2241 habeas corpus relief should be filed in the district where the petitioner is confined, a motion to vacate under § 2255 must be filed with the sentencing court. See Vial, 115 F.3d at 1194.

having previously failed to obtain relief under § 2255, can now proceed under § 2241. Because reasonable jurists cannot disagree on this procedural question, petitioner has not met the standard for this Court to issue a certificate of appealability. Accordingly, no such certificate shall issue.

It is important to note that the result reached here is arrived with some reluctance, because the result – that petitioner must serve nearly 22 years in prison instead of perhaps as few as ten years or less – seems unfair under the circumstances. Yet, existing, controlling law makes clear that unless the United States Supreme Court's decision in Descamps and the Fourth Circuit's decision in Carthorne, relying on Descamps, are made retroactive, petitioner has no remedy absent congressional action. If these holdings were retroactive to cases on collateral review, petitioner would be entitled to file a successive § 2255 motion in the Western District of Virginia. Accordingly, petitioner should seek authorization from the Fourth Circuit to present this argument to the Western District of Virginia.

Entered this \_\_\_\_\_ day of _____ 2015.

Alexandria, Virginia

_____ /s/
T. S. Ellis, III
United States District Judge